**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROSS MOORMAN,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 4:25-cv-01315-O** |
| **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,** | § § § § | |
| **Defendant.** | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Motion to Remand (ECF No. 6) that Ross Moorman filed on December 19, 2025, and the Response (ECF No. 11) that Travelers Casualty Insurance Company of America ("Travelers") filed on January 12, 2026. Chief United States District Judge Reed O'Connor referred the Motion to the undersigned for hearing, if necessary, and determination or recommendation by Order entered on December 22, 2025. ECF No. 9. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** the Motion.

## I.   BACKGROUND

Moorman sues Travelers for breach of contract, breach of good faith and fair dealing, and violation of the Deceptive Trade Practices—Consumer Protection Act ("DTPA"). ECF No. 1-3 at 7. This case stems from a 2021 fire at Moorman's place of business. *Id.* at 6. Following the fire, Moorman's client "Kelvins" sued him for damages related to the fire. *Id.* "Travelers agreed to defend Moorman [in the lawsuit] under a reservation of rights." *Id.* However, Moorman claims

that Travelers "unilaterally, and without reason or proper notice, withdrew its defense from Moorman" in February 2024, leading to the present suit.

Moorman filed his original petition on September 25, 2025, in the 43rd Judicial District Court of Parker County, Texas. *Id.* at 5. He sought monetary relief of "$250,000.00 or less." *Id.* at 6. On November 20, 2025, Travelers timely removed the case to this Court based on diversity jurisdiction. ECF No. 1 at 3. Moorman moved to remand the case to state court on December 19, 2025, arguing that while the parties are diverse, the amount in controversy is less than $75,000.00. ECF No. 6 at 2.

## II.     LEGAL STANDARDS

Title 28 U.S.C. § 1441(a) permits the removal of any civil action brought in state court of which the district courts of the United States have original jurisdiction. The defendant removed this case based on diversity of citizenship. ECF No. 1 at 3. A district court can properly exercise jurisdiction on diversity of citizenship only if: (1) the parties are of completely diverse citizenship; and (2) the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1441(a). After the defendant removes a case to federal court, the case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Wells Fargo Bank, N.A. v. Adams*, No. 3:13-cv-1353-O, 2013 WL 3829494, at *2 (N.D. Tex. July 24, 2013) (citing 28 U.S.C. § 1447(c)).

"When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990)). And "[a]s the party seeking removal, [the removing defendan[t] bear[s] the burden of proving" both complete diversity and that the amount in controversy requirement is met. *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 85 (5th Cir. 2013). If the plaintiff's state court petition "demands monetary relief of a stated sum, that

2

sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing § 1446(c)(2)). If the complaint "does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* (citing § 1446(c)(2)(A)). The defendant's notice of removal must only include a short and plain statement plausibly alleging the claim meets the requisite jurisdictional amount and does not "need to prove [the amount] to a legal certainty." *Id.* at 88-89 (citing H.R. Rep. No. 112-10, at 16 (2011)).

If the plaintiff does not contest the defendant's amount-in-controversy allegation, the court should accept the allegation. *Id.* at 87. If the plaintiff contests it, removal is proper "'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.*

## III.   ANALYSIS

### A.   The parties are completely diverse.

For purposes of diversity jurisdiction, Moorman is a resident and citizen of Texas. ECF No. 7 at 2. Travelers is a corporation incorporated in and has its principal place of business in Connecticut and thus is a citizen of Connecticut. ECF No. 1 at 4. The first requirement of diversity jurisdiction is satisfied because at the time of filing, the parties were completely diverse.

### B.   The amount in controversy does not support removal.

#### a.   Moorman's original petition did not state a sum certain.

When pleading in Texas state court, if a plaintiff's original pleading "specifies a dollar amount, that amount controls if made in good faith." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022). If the plaintiff requests damages of an indeterminate amount, the removing defendant must show "by a preponderance of the evidence that the amount in controversy" has been met. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). "The defendant can meet that burden in one of two ways: (1) by establishing that it is 'facially apparent'

that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Guijarro* 39 F.4th at 314 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

Under Texas Rule of Civil Procedure 47, a pleading stating a claim for monetary relief must include "a statement that the party seeks" monetary relief in a range of dollar amounts rather than a specific sum. When a plaintiff seeks monetary relief in the range of $250,000.00-$1,000,000.00 or relief over $1,000,000.00, this pleading is sufficient for removal whether viewed as a sum certain or indeterminate amount. *Werder v. Allstate Fire & Cas. Ins. Co.*, 731 F. Supp. 3d 724, 735 (N.D. Tex. 2024). It makes no difference which view a court takes of such a range because it is "either a request for a specific amount of damages that exceeds $75,000 and which the Court presumes is controlling, or it is an indeterminate amount of damages from which it is facially apparent that [the plaintiff] seeks in excess of $75,000." *Id.* (citing *Torres v. Guardsmark, LLC*, No. 5:15-cv-184 RP, 2016 WL 11602002, at *3 (W.D. Tex. Aug. 3, 2016)).

However, a Texas state court pleading that seeks damages of $250,000.00 or less "is, for purposes of 28 U.S.C. § 1446(c)(2), an 'indeterminate' or 'unspecified amount of damages[,]' [b]ecause 'an amount less than or equal to $250,000 could be greater than $75,000, or it could be less than $75,000.'" *Werder*, 731 F. Supp. 3d at 736 (citing *Adame v. Bunton*, No. EP-22-cv-00464-DCG, 2022 WL 20158117, at *2 (W.D. Tex. Dec. 28, 2022)). And without more, such a pleading also does not "make it facially apparent [for the removing defendant's necessary showing] that the . . . amount in controversy is satisfied." *Id.*

Here, Moorman's original state court petition sought monetary relief using the range of "$250,000.00 or less" but did not plead an exact amount. ECF No. 1-2 at 4. Therefore, the petition did not state a sum certain of damages that Moorman sought to recover.

> **b.    Travelers has not shown that the amount in controversy requirement was met.**

Because Moorman's petition did not plead for a sum certain of damages in excess of $75,000.00, Travelers has the burden of showing "by a preponderance of the evidence that the [claim met the] amount in controversy." *De Aguilar* 11 F.3d at 55. Ordinarily, the removing defendant can make this showing through "establishing that it is 'facially apparent' that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Guijarro* 39 F.4th at 314. However, Moorman's original petition that pleads a range of less than $250,000.00 in damages does not make it facially apparent that the jurisdictional amount was met. *Werder* 731 F. Supp. 3d at 736.  Therefore, Travelers is required to show by a preponderance of the evidence that the jurisdictional amount was met. Travelers can meet this burden by offering summary judgment type evidence. *See Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Travelers has not met this burden.

Travelers argues that Moorman's complaint sought damages "clearly exceed[ing]" $75,000.00. ECF No. 12 at 6. However, it is unclear how Travelers arrives at such a confident assertion. First, it notes that Moorman's claim seeks relief of $20,000.00, and with treble damages under the DTPA, the amount could total $60,000.00. *Id.* at 4. Next, Moorman seeks $10,199.66 in attorney fees. *Id.* Finally, Moorman seeks attorney fees for his DTPA claims under Texas Civil Practices and Remedies Code § 38.001. *Id.* Travelers asserts that when added together, the amount in controversy exceeds $75,000.00. *Id.* at 5.

Adding the two specified sums that Travelers asserts reaches $70,199.66. Presumably, Travelers contends that if Moorman is successful at trial, his award of attorney fees will exceed the $4,800.34 necessary for Moorman's total amount-in-controversy to exceed $75,000.00. But Travelers does not make this contention nor provide the necessary evidence to support it. And even

if it did, while it is possible that Moorman's action seeks in excess of $75,000.00, Travelers has not shown by a preponderance of the evidence that the claim meets the jurisdictional amount-in-controversy.

## IV.    CONCLUSION

Because Moorman's state court petition did not state a sum certain of damages that exceeded $75,000.00 and Travelers did not show by a preponderance of the evidence that the claim met the amount in controversy, removal of the case to this Court was improper. *De Aguilar*, 11 F.3d at 55. Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** Plaintiff's Motion to Remand (ECF No. 6) and remand the case to the 43rd Judicial District Court of Parker County, Texas.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on January 21, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE